IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ZEPEDA AND SARAH KNIGHT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-cv-00353 |
| | § | |
| ASSURANT INSURANCE AGENCY, INC. AND VOYAGER INDEMNITY INSURANCE COMPANY | § § § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Assurant Insurance Agency, Inc. and Voyager Indemnity Insurance Company, (collectively, "Defendants") file this Notice of Removal against Plaintiffs Jose Zepeda and Sarah Knight (collectively, "Plaintiffs") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I. INTRODUCTION

1. This case is removable because the only proper defendants in this litigation are citizens of different states than the Plaintiffs and the matter in controversy exceeds $75,000.00. The fact that Plaintiffs sued Texas resident Eric Matthew Jurica is irrelevant to this Notice of Removal because Plaintiffs improperly joined Mr. Jurica in an effort to destroy diversity and avoid this Court's jurisdiction. Here, Mr. Jurica is an improper defendant because Defendants' properly accepted any liability Mr. Jurica may have to Plaintiffs under the Texas Insurance Code.

### II. COMMENCEMENT AND SERVICE

2. On September 13, 2018, Plaintiffs commenced this action by filing an Original Petition ("Original Petition") in the 343rd Judicial District Court of San Patricio County, Texas,

styled Cause No. S-18-5882CV-C; *Jose Zepeda and Sarah Knight v. Assurant Insurance Agency, Inc., Voyager Indemnity Insurance Company and Eric Matthew Jurica.*[1]

3. American Security was served September 19, 2018.[2]

4. American Security filed an answer in state court on October 15, 2018.[3]

5. This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[4] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.  GROUNDS FOR REMOVAL

6. American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.  AMOUNT IN CONTROVERSY

7. Defendants are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### V.  DIVERSITY OF CITIZENSHIP

8. This is an action with complete diversity of citizenship between Plaintiffs and the only properly joined defendant, American Security.

9. Plaintiffs are citizens of Texas.[5]

10. Defendant Assurant Insurance Agency, Inc. is a foreign insurance company.[6]

---

[1] *See* Exhibit A-1, Plaintiffs' Original Petition.
[2] *See* Exhibit B, Executed Process.
[3] *See* Exhibit A-2, Defendants' Original Answer.
[4] *See* Exhibit B, Executed Process.
[5] *See* Exhibit A, Plaintiffs' Original Petition., at p. 2; Exs. I-1 and I-2 Accurint Comprehensive Address Report (demonstrating that Plaintiffs are domiciled in Texas).

11.     Defendant Voyager Indemnity Insurance Company is a foreign insurance company.[7]

12.     Defendant Eric Matthew Jurica is alleged to be a citizen of the State of Texas. However, the Court should disregard Mr. Jurica's citizenship for purposes of determining whether this case is removable because Plaintiffs improperly joined Mr. Jurica to this lawsuit in an effort to destroy diversity and avoid this Court's jurisdiction.  *See Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000); *Green v. Nationwide Mut. Ins. Co.*, Civil Action No. A-12-CV-600 LY, 2012 WL 5188031 (W.D. Tex. Oct. 17, 2012).

13.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

### VI.   PLAINTIFF IMPROPERLY JOINED THE RESIDENT DEFENDANT

14.     Plaintiff cannot state a cause of action against resident defendant Mr. Jurica, and his citizenship should be ignored for the purposes of determining whether there is complete diversity.[8]  Under the federal removal statute, a case filed in state court may be removed to federal court if none of the parties properly joined as defendants are citizens of the state in which the action is brought.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (2004) (citing 28 U.S.C. § 1441) (en banc).  The doctrine of improper joinder prevents Plaintiff from defeating federal diversity jurisdiction by improperly naming non-diverse defendants.  *Id.*, at 572-73. When a defendant is improperly joined, a court must disregard the citizenship of that defendant for the purpose of determining whether diversity jurisdiction exists.  *Badon, Inc.*, 224 F.3d at 389-90.  A defendant is improperly joined when either (1) jurisdictional facts are fraudulently

---

[6] *See* Exhibit A-1, Plaintiffs' Original Petition, at p. 2
[7] *See* Exhibit A-1, Plaintiffs' Original Petition, at p. 2
[8] *See* Exhibit A-1, Plaintiffs' Original Petition, at p. 2

pled, or (2) the plaintiff is unable to establish a cause of action against the resident defendant in state court. *Smallwood*, 385 F.3d at 573. This case presents the latter.

15. In analyzing whether the Original Petition established a cause of action against Mr. Jurica, the Court must determine whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. In making such a determination, the Court should conduct a Federal Rule 12(b)(6)-type inquiry. *Smallwood*, 385 F.3d at 573. In the Southern District of Texas, it is well settled that "when an adjuster's action can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's action and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Bus. Ins. Co.,* 875 F.Supp.2d 682, 686 (S.D. Tex. 2012). Furthermore, under the Texas Insurance Code, an insurer may accept whatever liability an adjuster might have to a claimant for the adjuster's acts or omissions related to the claim by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). If the claimant files an action against the adjuster and the insurer thereafter makes an election under § 542A.006(a), the court shall dismiss the action against the adjuster with prejudice. Tex. Ins. Code § 542A.006(c).

16. Here, Plaintiff has alleged that Mr. Jurica's conduct violates the Texas Insurance Code's Unfair Settlement Practices.[9] Plaintiff asserts that Mr. Jurica is individually liable for his unfair and deceptive settlement practices while acting on behalf of Defendants, whom Plaintiffs also allege conducted the same unfair and deceptive settlement practices.[10] Because Plaintiffs have not distinguished Mr. Jurica's and Defendants' alleged unfair and deceptive settlement

---

[9] *See* Exhibit A-1, Plaintiffs' Original Petition at p.9.
[10] *See* Exhibit A-1, Plaintiffs' Original petition, at p. 9-11.

claims, Mr. Jurica's citizenship should be ignored for the purposes of determining whether there is complete diversity.

17. Additionally, On October 10, 2018, Defendants accepted all liability Mr. Jurica might have to Plaintiffs by providing written notice to Plaintiffs' counsel.[11] Given that Defendants, both insurers under § 542A.001(4) of the Texas Insurance Code, provided written notice accepting the liability of Mr. Jurica, Plaintiffs' claims against him should be dismissed with prejudice and his citizenship should be ignored for the purposes of determining whether there is complete diversity.

## VII.  VENUE

18. Venue lies in the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the state court action in this judicial district and division.

## VIII.  CONSENT TO REMOVAL

19. No Consent to Removal is necessary as Assurant Insurance Agency, Inc. and Voyager Indemnity Insurance Company are the only properly named defendants in this lawsuit. Consent by the resident defendants is not required in this instance because consent need not be obtained from a co-defendant that the removing party contends is improperly joined.[12]

## IX.  NOTICE

20. Defendants will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

---

[11] *See* Exhibit C, Letter Dated October, 10, 2018. Defendants could not have accepted liability prior to October 10, 2018, because Defendants were not served with a proper demand letter 60 days prior to Plaintiffs' filing of this suit pursuant to § 542A.003 of the Texas Insurance Code.

[12] *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 582 (S.D. Tex. 2012) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

## X.    STATE COURT PLEADINGS

21. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## XI.    EXHIBITS TO NOTICE OF REMOVAL

22. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

        1. Plaintiffs' Original Petition;

        2. Defendants' Original Answer;

    B. All executed process in the case

    C. Defendants' Letter Accepting Liability of Eric Matthew Jurica dated October 10, 2018.

    D. All orders signed by the state judge (none)

    E. Docket sheet;

    F. An index of matters being filed;

    G. A list of all counsel of record, including addresses, telephone numbers and parties represented;

    H. Civil Cover Sheet;

    I. Affidavit of Anne Kathryn Hunter;

        1. Accurint Report on Jose Zepeda

        2. Accurint Report of Sarah Knight

## XII.   CONCLUSION

WHEREFORE, Defendants Assurant Insurance Agency, Inc. and Voyager Indemnity Insurance Company, pursuant to the statutes cited herein, removes this action from the 343rd Judicial District Court of San Patricio, Texas to this Court.

Dated: October 18, 2018.

                            Respectfully submitted,

                            **MCDOWELL HETHERINGTON LLP**

                            By: */s/ Bradley J. Aiken*
                                Bradley J. Aiken
                                State Bar No. 24059361
                                Federal Bar No. 975212
                                Anne Kathryn Hunter
                                State Bar No. 24104002
                                Federal Bar No. 3113944
                           1001 Fannin Street, Suite 2700
                           Houston, Texas 77002
                           Telephone: 713-337-5580
                           Facsimile: 713-337-8850
                           Brad.aiken@mhllp.com
                           Annekathryn.hunter@mhllp.com

                           *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on October 19, 2018, on the following counsel of record by certified mail:

David Anderson
Stephen Carrigan
CARRIGAN & ANDERSON LAW FIRM, PLLC
101 N. Shoreline Blvd, Suite 420
Corpus Christi, Texas 78401
Phone: (361) 884-4433
Facsimile: (361) 884-4434
danderson@ccatriallaw.com
scarrigan@ccatriallaw.com

                                              */s/ Bradley J. Aiken*
                                              Bradley J. Aiken